UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAUREEN W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:18-cv-05500-JLR-TLF <br><br> REPORT AND RECOMMENDATION <br><br> NOTED: MAY 10, 2019 |

Maureen W. has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand for further administrative proceedings.

PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance and supplemental security income benefits in May 2015, alleging she became disabled as of November 30, 2014. Dkt. 8, Administrative Record (AR) 70. Both applications were denied at the initial and reconsideration

REPORT AND RECOMMENDATION - 1

1  levels of administrative review. *Id.* After a hearing, an administrative law judge (ALJ) issued a
2  decision on August 22, 2017. AR 70-83. The ALJ determined that there were jobs existing in
3  significant numbers in the national economy that plaintiff could perform, and therefore that she
4  was not disabled. *Id.* Plaintiff filed a complaint with this Court, seeking reversal and remand for
5  further administrative proceedings.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason the ALJ did not rely on. *Id.* In its review, the Court considers only the reasons that the ALJ identified. *Id.*

## ISSUES FOR REVEW

1. Did the ALJ give adequate reasons to reject opinions from an examining psychologist, a reviewing psychologist, and plaintiff's treating therapist?
2. Did the ALJ give adequate reasons to discount plaintiff's testimony?
3. Did the ALJ give adequate reasons to reject testimony from plaintiff's friend?

REPORT AND RECOMMENDATION - 2

  4. Did the ALJ err in failing to include limitations from additional mental-health conditions in assessing plaintiff's residual functional capacity?

DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner assesses a claimant's residual functional capacity (RFC) to determine—at step four—whether the claimant can perform past relevant work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). If the claimant cannot, then the ALJ reviews—at step five—whether the claimant can adjust to other work. *Id.* The Commissioner has the burden of proof at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner can meet this burden by showing that a significant number of jobs that the claimant can perform exist in the national economy. *Id.*; 20 C.F.R. §§ 404.1520(e), 416.920(e).

  1.  Medical Opinion Evidence

Plaintiff challenges the ALJ's decision, in assessing plaintiff's RFC, to discount opinions from an examining psychologist, a reviewing psychologist, and her treating therapist about limitations from her mental-health conditions. The Court should reverse and remand because the ALJ erred by failing to give adequate and supported reasons to discount examining psychologist Dr. Cline's opinion and the other evidence from Dr. Petaja and Licensed Mental Health Counselor Associate Myers concerning plaintiff's limitations and treatment requirements relating to her mental health conditions.

Rebekah Cline, Psy.D., evaluated plaintiff in March 2015. AR 628. She conducted a clinical interview and a mental status exam. AR 628-33. She diagnosed plaintiff with depression, PTSD, and anxiety with features of panic disorder. AR 630. She opined that plaintiff would be moderately limited in several basic work activities and markedly limited in her ability to

REPORT AND RECOMMENDATION - 3

communicate and perform effectively in a work setting and to complete a normal workday and work week without interruption from her psychological symptoms. AR 631. Dr. Cline recommended that plaintiff should have a protective payee to help manage her money. *Id.*

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). On the other hand, an ALJ need not accept the opinion of a treating physician if that opinion is brief, conclusory, and inadequately supported by medical findings or by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

Here, the ALJ gave Dr. Cline's opinion "some weight." AR 79-80. The marked limitations Dr. Cline found were contradicted by the opinions of state agency psychological consultants. *See* AR 80, 329-30, 361-62. Accordingly, the ALJ was required to give specific and legitimate reasons to discount those opinions. The ALJ did not do so.

First, the ALJ discounted those marked limitations because the ALJ found them inconsistent with certain of Dr. Cline's clinical findings: that plaintiff "was cooperative with fair eye contact, and had normal memory, fund of knowledge, concentration, abstract thought, and insight and judgment." AR 80, 632. An ALJ may reject a medical opinion based on a lack of support from objective evidence in the record and a determination that conflicting medical

opinions are entitled to greater weight. *See* 20 C.F.R. § 416.927(c)(3). Here, however, the ALJ appears to have selected these findings from among several clinical findings that do support Dr. Cline's opinion—for example, that plaintiff showed suicidal ideation; was not oriented as to date; had abnormal perception; and appeared anxious. AR 681-82; *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("[T]he ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment.") (citations omitted). Thus, substantial evidence does not support this reason.

Second, the ALJ inferred that Dr. Cline "relied heavily on the claimant's subjective report of symptoms and limitations," which the ALJ found were "not fully consistent with the medical evidence and other evidence in the record." AR 80. Where an opinion is "based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim*, 763 F.3d at 1162. However, Dr. Cline performed a clinical interview and mental status exam, which "are objective measures and cannot be discounted as a 'self-report.'" *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). And, it is important to recognize that psychiatrists' and psychologists' reports should not be rejected due to their reliance on a patient's self-reports, because the nature of psychiatric or psychological assessment and treatment necessarily entails listening to and evaluating the subjective reports of the patient. *Id.* Accordingly, the ALJ erred by discounting Dr. Cline's opinion as based on plaintiff's self-reports.

Finally, the ALJ found Dr. Cline's opinions of marked limitations to be inconsistent with plaintiff's own reports about her functioning. AR 80. The ALJ cited plaintiff's statements that she had no problem getting along with others, got along "okay" with authority figures, could

finish what she started, and followed written instructions "well" or "okay." AR 80, 495, 561. But the ALJ appears to have selectively cited these statements, as well. The statements themselves are more ambiguous than the ALJ suggested: when asked how she got along with authority figures, plaintiff wrote "okay, but I have bosses that I haven't got along with but haven't been mouthy." AR 501. She also told her therapist at appointments in June of 2017 that she felt unsafe—her emotions were "all over the place" and she was cutting herself. AR 134, 145. In January and February of 2017, plaintiff reported having difficulty with recurrent thoughts of "perverts," rape, and people who had done awful things to her, and that she was afraid of bathing or taking a shower because of such thoughts; the therapist reported that she was disheveled, had poor hygiene, was depressed, sad, worried, and had a specific trauma trigger that needed to be addressed. AR 219-20, 226, 238, 249, 256-57.

Moreover, plaintiff's statements that she can follow written instructions do not contradict Dr. Cline, who opined that plaintiff would not be limited following short, simple instructions and only moderately limited following detailed ones. *See* AR 500, 631. It is unclear how the statements the ALJ cited would undermine Dr. Cline's opinions regarding marked limitations, as those opinions do not specifically pertain to getting along with authority figures, finishing tasks, or following instructions. In contrast, plaintiff made many other statements that would support Dr. Cline's findings of limitations in her ability to communicate and perform effectively and complete a workday or workweek—for instance, plaintiff reported that her anxiety sometimes prevents her from getting out the door, that she turns down social invitations and cancels plans because of her anxiety, and that she does not handle stress or changes in routine well. AR 495, 498-99, 501, 561, 564-65. Thus, substantial evidence does not support the ALJ's finding that plaintiff's own statements undermine Dr. Cline's opinion.

If the record supports a finding that plaintiff was markedly limited in communicating and performing effectively and in completing a normal workday and work week without interruption, then the ALJ should include additional limitations in the RFC. *See* AR 75. Accordingly, the ALJ's error in discounting Dr. Cline's opinion is not harmless and requires reversal. *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless if it is not prejudicial to the claimant or inconsequential to the ALJ's ultimate nondisability determination).

This analysis also applies to the opinion of Holly Petaja, Ph.D., the independent reviewing psychiatrist. Dr. Petaja reviewed the medical evidence, compared it with Dr. Cline's assessment, and opined that the available medical evidence supported Dr. Cline's opinion. AR 988.

In addition, the ALJ did not provide germane reasons for discounting the evidence provided in the February 2017 statement of Licensed Mental Health Counselor Associate Ena Myers, who was plaintiff's mental health counselor during 2016-2017. AR 1409-10. Ms. Myers stated that plaintiff requires one hour per week of one-on-one counseling, and two hours per week of group counseling, as a matter of medical necessity. AR 1410. The ALJ gave little weight to this statement, ultimately rejecting Ms. Myers' assessment because it did not address plaintiff's level of functioning, and Ms. Myer did not qualify as an "acceptable medical source". AR 80. Yet a licensed mental health counselor is an "other source" under SSR 06-03P (S.S.A.)— even though not an "acceptable medical source[ ]" under 20 C.F.R. § 404.1527(f). *Akers v. Colvin,* 556 F. App'x 754, 757 (10th Cir. 2014).

An ALJ may disregard such a source if the ALJ provides germane reasons. *Turner v. Commissioner of Social Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010). The reasons given in this case are not germane. The ALJ did not make any finding that Ms. Myer's evaluation of plaintiff's

need for counseling was unsupported by the medical evidence concerning her mental health. Ms. Myer did not provide a medical opinion about the specific condition that plaintiff suffers from or exactly how that condition limits her functioning, but she did provide relevant evidence about how the treatment of plaintiff's mental health conditions requires a certain amount of time and therapy. If plaintiff requires three hours per week of mental health counseling appointments, in addition to any travel time getting to and from such appointments, this may necessitate time away from work that would be relevant in assessing plaintiff's RFC. AR 313-15 (vocational expert testimony that most employers would not tolerate absences of half-day per week or multiple part-day absences in given week).

      2.     <u>Plaintiff's Testimony on Physical Symptoms</u>

Plaintiff also challenges the ALJ's reasons for discounting her testimony about physical pain. The ALJ found that objective medical evidence did not support plaintiff's allegations of severe pain and limitations. AR 78. Plaintiff contends that this was an invalid reason to reject her pain testimony.

Despite raising and briefly arguing the issue, however, plaintiff concedes that "the ALJ's findings regarding [plaintiff]'s complaints of pain is a red herring in this case. Her physical pain certainly limits her, but her inability to work is due primarily to her mental illnesses and 'emotional pain.'" Dkt. 10, pp. 8-9. Because plaintiff, as a practical matter, concedes that this issue should not be a basis for reversal, the Court should decline to review the ALJ's determination that plaintiff is less physically limited than she testified. *See Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error that is not prejudicial to the claimant, or is inconsequential to the ALJ's ultimate nondisability determination, is harmless).

3.      Non-Severe Medical Impairments

Finally, plaintiff contends that the ALJ erred in failing to find PTSD, panic disorder, and personality disorder to be severe impairments at step two of the sequential evaluation process or to include limitations from those conditions in plaintiff's RFC.

At step two, the ALJ found only anxiety and depression to be severe impairments. AR 72; *see* 20 C.F.R. § 416.920. He did not address PTSD, panic disorder, or personality disorder in the step-two analysis.

The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The step two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (rejecting claim that ALJ erred after second hearing, where ALJ found new severe impairments but did not change RFC). An ALJ assessing a claimant's RFC before steps four and five "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at 1049 (citing SSR 96-8p, 1996 WL 374184, at *5). An ALJ can commit harmful error in arriving at an RFC that fails to account for evidence of limitations from certain impairments, whether or not the ALJ found them to be severe at step two. *See Mercado v. Berryhill*, No. 16-CV-04200-BLF, 2017 WL 4029222, at *6 (N.D. Cal. Sept. 13, 2017) (unpublished); *Winkle v. Berryhill*, No. C17-1633 TSZ, 2018 WL 5669018, at *2 (W.D. Wash. Nov. 1, 2018) (unpublished).

Here, plaintiff alleges that she has characteristic symptoms of PTSD, panic disorder, and personality disorder: for bipolar disorder, extreme mood swings that "would be off-putting to coworkers, customers and supervisors alike"; for personality disorder, a "deviation from cultural expectations" that "will affect all employment" Dkt. 10, pp. 15-16.

1  Diagnoses alone do not demonstrate significant impacts on a claimant's ability to
function. *See Kay v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985); *see also Dubek v. Astrue*, 2009 WL 1155226, at *4 (W.D. Wash. 2009) (unpublished) (finding no error where ALJ failed to discuss medical opinions that included diagnoses but no work-related functional limitations). To the extent that the evidence shows limitations from these conditions, the RFC should account for such limitations on remand. *See Buck*, 869 F.3d at 1048-49.

4.  <u>Instructions on Remand</u>

The ALJ on remand should reevaluate the medical opinion evidence and the evidence provided by Licensed Mental Health Counselor Associate Ena Myers—and take new evidence if necessary—regarding all of plaintiff's mental health conditions and their effects on plaintiff's functioning. Because the ALJ must rely in part on an assessment of the medical evidence in weighing the testimony of plaintiff's friend and plaintiff herself regarding plaintiff's symptoms and limitations, the ALJ on remand is directed to also reassess plaintiff's testimony and the lay witness testimony. Accordingly, the Court need not address in this appeal whether the ALJ erred in discounting that testimony.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ erred in determining plaintiff to be not disabled, and therefore that it reverse the ALJ's decision to deny benefits and remand for further administrative proceedings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **May 10, 2019**, as noted in the caption.

Dated this 23rd day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11